# THE ATTORNEY GENERAL
# OF TEXAS
### AUSTIN 11, TEXAS



**WILL WILSON**
**ATTORNEY GENERAL**

February 23, 1959

Dr. M. H. Crabb, Secretary
Texas State Board of Medical
   Examiners
Medical Arts Building
Fort Worth, Texas

Opinion No. WW-557

Re: Travel Expense out of
    Medical Registration
    Fund.

Dear Dr. Crabb:

You have requested an opinion from this office concerning the following question:

> "We are desirous of knowing whether
> an Assistant Attorney General other than
> one being paid the salary in Item 34 can
> be paid traveling expenses out of Item
> 35 when he is engaged in traveling to
> Board hearings of the State Board of Medical Examiners and representing the said
> Board in the various District Courts of
> this State."

Items 34 and 35 of the Appropriations to the Attorney General's Office contained in House Bill 133, Acts of the 55th Legislature, Regular Session, 1957, Chapter 385, Page 870, at Page 947 (General Appropriations Act), read as follows:

> "Out of the Medical
> Registration Fund

| | | | |
|---|---|---|---|
| 34. | Assistant Attorney General | $8,000 | $8,000 |
| 35. | Travel | $1,500 | $1,500 |

> Total out of the Medical
> Registration Fund          $9,500    $9,500"

The Medical Registration Fund is a special statutory fund created by the provisions of Article 4498a, Vernon's Civil Statutes. Section 3 of Article 4498a reads in part as follows:

"All annual registration fees collected
by the Texas State Board of Medical Examiners
under this Act shall be placed in the State
Treasury, to the credit of a special fund to
be known as the 'Medical Registration Fund,'
and the Comptroller shall upon requisition
of the Board from time to time draw warrants
upon the State Treasurer for the amounts
specified in such requisition; provided, how-
ever, the fees from this Medical Registration
Fund shall be expended as specified by itemized
appropriation in the General Departmental Ap-
propriations Bill, and shall be used by the
Texas State Board of Medical Examiners, and un-
der its direction, in the enforcement of the
laws of this State prohibiting the unlawful
practice of medicine, and in the dissemination
of information to prevent the violation of such
laws and to aid in the prosecution of those who
violate such laws.  The Texas State Board of
Medical Examiners shall· be authorized to employ
and to compensate from such special fund employ-
ees and such other persons as may be found neces-
sary to assist the local prosecuting officers of
any county in the enforcement of all the laws of
the State prohibiting the unlawful practice of
medicine, and to carry out the other purposes for
which said fund is hereby appropriated.  Provided
that all such prosecutions shall be subject to
the direction and control of the regularly and
duly constituted prosecuting officers, and noth-
ing in this Act shall be construed as depriving
them of any authority vested in them by law."

It is the Medical Board's interpretation of Article
4498a and the General Appropriations Act above quoted that
monies appropriated out of the Medical Registration Fund by
Item 35 may be expended for any travel by any employee of
the Office of the Attorney General when traveling on offi-
cial business in the enforcement of the Medical Practice
Act.  It is the Comptroller's interpretation that "travel"
is limited to travel of the Assistant Attorney General who
is compensated out of Item 34 above quoted.

Section 3 of Article 4498a states the purposes for
which Medical Registration Funds may be expended; namely,
(1) as specified by itemized appropriations in the General
Departmental Appropriation Bill (currently House Bill 133,
above quoted); (2) and for the purpose of enforcing the

Medical Practice Act.

The particular expense account currently turned down by the Comptroller's Office was for reimbursement of necessary expenses incurred by an Assistant Attorney General who traveled on official business in making investigation of a complaint on file with the Texas State Board of Medical Examiners alleging violations of the Medical Practice Act.

It is noted that Item 35 makes an appropriation for "travel." Standing alone this word does not limit travel. Therefore, the only limitation for this Item is the riders in the Appropriation Bill and Article 4498a. We have carefully examined the General Appropriation Act and there is no rider which would limit Item 35 to any one individual. Likewise, there is nothing in the pre-existing law (Article 4498a) which would limit the number of employees of the Attorney General's Office who may travel on official business in enforcing the provisions of the Medical Practice Act.

Therefore, you are advised that Item 35 may be expended for any official travel by an employee or employees of the Attorney General's Office when traveling on official business in the enforcement of the provisions of the Medical Practice Act.

### SUMMARY

Item 35 of the appropriation to the Attorney General's Office contained in House Bill 133, Acts of the 55th Legislature, Regular Session, 1957, Chapter 385, Page 870, at Page 947 (General Appropriations Act) may be expended for official travel performed by any employee or employees of the Attorney General's Office for traveling on official business in the enforcement of the Medical Practice Act.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *John Reeves*
John Reeves
Assistant

JR:rm

APPROVED

Opinion Committee
Geo. P. Blackburn, Chairman

L. P. Lollar
Martin DeStefano
Joe Allen Osborn

REVIEWED FOR THE ATTORNEY GENERAL
BY:  W. V. Geppert